UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jean Harris, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | **JURY TRIAL DEMANDED** |
| World Acceptance Corporation, d/b/a ) | |
| World Finance Corporation, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

1. This is an action brought by the Plaintiff, Jean Harris, for actual and statutory damages, attorneys' fees, and costs for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq* (hereinafter "TCPA"), as well as compensatory and punitive damages for Defendant's violations South Carolina common law as set forth herein.

**JURISDICTION AND VENUE**

2. This Court has Jurisdiction under 28 U.S.C. §1331, §1332 and §1367. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

**PARTIES**

3. The Plaintiff, Jean Harris, is a resident and citizen of the State of South Carolina, Florence, and is over the age of twenty-one (21) years.

4. Defendant, World Acceptance Corporation, d/b/a World Finance Corporation (referred to hereinafter as "World Finance"), is a South Carolina corporation and may be served with process through its registered agent, C T Corporation System, 2 Office Park Court, Suite 103, Columbia, SC 29223. In all respects and at all times relevant herein, Defendant has been doing business in the state of South Carolina.

## FACTUAL ALLEGATIONS

5. Beginning in December, 2017, Defendant began making constant telephone calls to Plaintiff's cell phone in an attempt to collect an alleged debt. On numerous occasions, Defendant made more than one call per day to Plaintiff in an attempt to collect an alleged debt.

6. The purpose of said phone calls was to harass, annoy or otherwise coerce Plaintiff into making payments on an alleged debt.

7. On or about February 6, 2018, Defendant called Plaintiff on her cell phone in an attempt to collect an alleged debt. Plaintiff spoke with "Rico" and told him that she did not have the money to pay the debt and to stop calling.

8. On or about February 7, 2018, Defendant called Plaintiff on her cell phone in an attempt to collect an alleged debt. Plaintiff spoke with "Rico" and told him that she did not have the money to pay the debt and to stop calling.

9. On or about March 1, 2018, Defendant called Plaintiff on her cell phone. "Rico" left a voice mail in an attempt to collect an alleged debt.

10. On or about March 16, 2018, Defendant called Plaintiff on her cell phone. "Rico" left a voice mail in an attempt to collect an alleged debt.

11. On or about March 20, 2018, Defendant called Plaintiff twice on her cell phone. Both times, "Rico" left a voice mail in an attempt to collect an alleged debt.

12. On or about March 21, 2018, Defendant called Plaintiff on her cell phone in an attempt to collect an alleged debt. "Rico" left a voice mail in an attempt to collect an alleged debt.

13. On or about March 22, 2018, Defendant called Plaintiff on her cell phone. "Rico" left a voice mail in an attempt to collect an alleged debt.

14. On or about March 23, 2018, Defendant called Plaintiff on her cell phone. "Allisa" left a voice mail in an attempt to collect an alleged debt.

15. On or about March 27, 2018, Defendant called Plaintiff on her cell phone. "Rico" left a voice mail in an attempt to collect an alleged debt.

16. On or about March 28, 2018, Defendant called Plaintiff twice on her cell phone. Both times, "Rico" left a voice mail in an attempt to collect an alleged debt.

17. On or about March 29, 2018, Defendant called Plaintiff on her cell phone. "Rico" left a voice mail in an attempt to collect an alleged debt.

18. On or about March 30, 2018, Defendant called Plaintiff on her cell phone. "Rico" left a voice mail in an attempt to collect an alleged debt.

19. On or about April 2, 2018, Defendant called Plaintiff on her cell phone. "Rico" left a voice mail in an attempt to collect an alleged debt.

20. On or about April 3, 2018, Defendant called Plaintiff on her cell phone. "Rico" left a voice mail in an attempt to collect an alleged debt.

21. On or about April 9, 2018, Defendant called Plaintiff twice on her cell phone. Both times, "Rico" left a voice mail in an attempt to collect an alleged debt.

22. On or about April 10, 2018, Defendant called Plaintiff on her cell phone. "Rico" left a voice mail in an attempt to collect an alleged debt.

23. On or about April 11, 2018, Defendant called Plaintiff on her cell phone. "Rico" left a voice mail in an attempt to collect an alleged debt.

24. On or about April 12, 2018, Defendant called Plaintiff on her cell phone. "Rico" left a voice mail in an attempt to collect an alleged debt.

25. On or about April 16, 2018, Defendant called Plaintiff on her cell phone. "Rico" left a voice mail in an attempt to collect an alleged debt.

26. On or about April 19, 2018, Defendant called Plaintiff three times on her cell phone. "Aleshia" left a voice mail in the morning and "Rico" left two voice mails in the afternoon in an attempt to collect an alleged debt.

27. On or about April 20, 2018, Defendant called Plaintiff on her cell phone. "Rico" left a voice mail in an attempt to collect an alleged debt.

28. On or about April 23, 2018, Defendant called Plaintiff on her cell phone. "Rico" left a voice mail in an attempt to collect an alleged debt.

29. On or about April 24, 2018, Defendant called Plaintiff on her cell phone. "Rico" left a voice mail in an attempt to collect an alleged debt.

30. On or about April 25, 2018, Defendant called Plaintiff on her cell phone. "Rico" left a voice mail in an attempt to collect an alleged debt.

31. On or about April 26, 2018, Defendant called Plaintiff on her cell phone. "Rico" left a voice mail in an attempt to collect an alleged debt.

32. On or about April 27, 2018, Defendant called Plaintiff on her cell phone. "Rico" left a voice mail in an attempt to collect an alleged debt.

33. On or about April 30, 2018, Defendant called Plaintiff on her cell phone. "Rico" left a voice mail in an attempt to collect an alleged debt.

34. On or about May 3, 2018, Defendant called Plaintiff on her cell phone. "Rico" called in an attempt to collect an alleged debt.

35. On or about May 7, 2018, Defendant called Plaintiff on her cell phone. "Aleshia" left a voice mail in an attempt to collect an alleged debt.

36. On or about May 8, 2018, Defendant called Plaintiff on her cell phone. "Rico" left a voice mail in an attempt to collect an alleged debt.

37. On or about May 9, 2018, Defendant called Plaintiff on her cell phone. "Rico" left a voice mail in an attempt to collect an alleged debt.

38. On or about May 10, 2018, Defendant called Plaintiff on her cell phone. "Aleshia" left a voice mail in an attempt to collect an alleged debt.

39. On or about May 15, 2018, Defendant called Plaintiff on her cell phone. "Rico" left a voice mail in an attempt to collect an alleged debt.

40. On or about May 16, 2018, Defendant called Plaintiff on her cell phone. "Rico" left a voice mail in an attempt to collect an alleged debt.

41. On or about May 18, 2018, Defendant called Plaintiff on her cell phone. "Rico" left a voice mail in an attempt to collect an alleged debt.

42. On or about May 22, 2018, Defendant called Plaintiff on her cell phone. "Rico" left a voice mail in an attempt to collect an alleged debt.

43. On or about June 1, 2018, Defendant called Plaintiff on her cell phone in an attempt to collect an alleged debt. Plaintiff spoke with "Rico" and told him that she did not have the money to pay the debt.

44. During a number of the telephone calls wherein Plaintiff spoke to Defendant, Plaintiff specifically told Defendant she could not make any payments on the alleged debt and that she wanted all calls from Defendant to stop.

45. The calls placed to the Plaintiff's cellular telephone by Defendant were made through the use of an automatic telephone dialing system as defined by 47 U.S.C. § 227.

46. Defendant repeatedly called Plaintiff on a number that was assigned to a cellular telephone service. Additionally, Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

47. Plaintiff did not expressly consent to Defendant's placement of telephone calls to her cellular telephone by the use of an automatic telephone dialing system pursuant to 47 U.S.C. §227(b)(1)(A). To the extent that such consent was granted, said consent was expressly revoked by Plaintiff. Defendant knew, or should have known, that it was calling Plaintiff's cellular telephone number without express consent.

48. None of Defendant's telephone calls placed to Plaintiff were for emergency purposes as defined by 47 U.S.C. §227 (b)(1)(A)(I).

49. The telephone calls made by Defendant were in violation of 47 U.S.C. §227(b)(1).

50. On October 10, 2018, Plaintiff filed a complaint with the South Carolina Department of Consumer Affairs regarding the conduct of Defendant. Specifically, Plaintiff complained about Defendant's collection practices and the harassing telephone calls she received from Defendant in an effort to collect on an alleged debt.

### COUNT ONE
**(Violation of the Telephone Consumer Protection Act)**

51. Plaintiff hereby adopts all of the allegations set forth in paragraphs 5 through 50 as if set forth fully herein.

52. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §227 *et seq.*

53. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

## COUNT TWO
### (Violation of the Telephone Consumer Protection Act)

54. Plaintiff hereby adopts all of the allegations set forth in paragraphs 5 through 53 as if set forth fully herein.

55. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §227 *et seq.*

56. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 *et seq.*, the Plaintiff is entitled to treble damages, as provided by statute, of $1,500.00, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(c).

## COUNT THREE
### (Unconscionable Conduct - §37-5-108)

57. The Plaintiff adopts the averments and allegations of paragraphs 5 through 56 hereinbefore as if fully set forth herein.

58. The Defendant has engaged in unconscionable collection activities and practices in violation of the South Carolina Consumer Protection Code with respect to the Plaintiff's alleged consumer debt.

59. The Defendant violated §37-5-108(5)(b) by repeatedly calling the Plaintiff multiple times per day. The purpose of said communications was to harass the Plaintiff.

60. The Defendant violated §37-5-108(5)(b)(vii) by causing the Plaintiff's telephone to ring repeatedly during a twenty-four hour period with the intent to annoy, abuse, or harass the Plaintiff.

61. Upon information and belief, the above violations of the South Carolina Consumer Protection Code by Defendant entitles Plaintiff to not less than one hundred ($100.00) dollars and not more than one thousand ($1,000.00) dollars for each violation, as well as attorney fees and costs.

62. The Plaintiff claims the above statutory damages, attorneys' fees and costs.

## COUNT FOUR
### (Invasion of Privacy - Wrongful Intrusion into Private Affairs)

63. The Plaintiff adopts the averments and allegations of paragraphs 5 through 62 hereinbefore as if fully set forth herein.

64. South Carolina state law recognizes the Plaintiff's right to be left alone and to be free from invasions of privacy in such a manner as to outrage or cause serious mental suffering, shame, and humiliation to Plaintiff. *See Swinton Creek Nursery v. Edisto Farm Credit*, 334 S.C. 469, 477 (S.C. 1999).

65. Defendant intentionally intruded upon the Plaintiff's right to privacy by repeatedly calling the Plaintiff to collect payment on an account. The telephone calls made by the Defendant to the Plaintiff were so persistent and repeated with such frequency that they were outrageous, caused Plaintiff serious mental suffering and invaded the Plaintiff's privacy.

66. The actions of Defendant were malicious, intentional, and repeated with such frequency that they were outrageous, caused Plaintiff serious mental suffering and invaded the Plaintiff's privacy by wrongfully intruding into Plaintiff's private activities.

67. The conduct of Defendant in engaging in the systematic campaign of harassment as described herein demonstrates the Defendant's blatant and shocking disregard for Plaintiff's rights, and resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

68. As a result of the intrusions and invasions into Plaintiff's privacy, the Plaintiff is entitled to compensatory damages in an amount to be determined by a struck jury.

69. Additionally, as all of the acts undertaken and performed by Defendant and its employees and/or agents were committed with malice, intent, wantonness, and recklessness, the Plaintiff is also entitled to punitive damages from Defendant.

## COUNT FIVE
**(Negligent Training and Supervision)**

70. The Plaintiff adopts the averments and allegations of paragraphs 5 through 69 hereinbefore as if fully set forth herein.

71. Defendant knew or should have known of its inadequate training and supervision. If Defendant had properly trained and supervised its employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon Plaintiff would not have occurred.

72. Defendant negligently failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct and violations of the TCPA and South Carolina law.

73. As a result of Defendant's negligence, Plaintiff suffered humiliation, stress, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT SIX
### (Reckless and Wanton Training and Supervision)

74. The Plaintiff adopts the averments and allegations of paragraphs 5 through 73 hereinbefore as if fully set forth herein.

75. Defendant knew or should have known of its inadequate training and supervision. If Defendant had properly trained and supervised its employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon Plaintiff would not have occurred.

76. Defendant knew or should have known that the conduct of its employees, agents, and/or assigns was improper and in violation of the TCPA and South Carolina law.

77. Defendant recklessly and wantonly failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct.

78. As a result of Defendant's recklessness and wantonness, Plaintiff suffered humiliation, stress, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands a judgment against the Defendant for the following:

A. Statutory damages of $500.00 from Defendant for each and every negligent violation of the TCPA;

B. Treble statutory damages of $1,500.00 for each and every call made to the Plaintiff's cell phone by Defendant as each and every call was a knowing and/or willful violation of 47 U.S.C. §227 *et seq.*;

C. For compensatory and punitive damages in an amount to be determined by a struck jury for Defendant's invasion of privacy, negligent training and supervision, and reckless and wanton training and supervision;

D. For this matter to be heard by a jury; and

E. For such other and further relief as this Court deems necessary and proper.

        /s/ Penny Hays Cauley
        Penny Hays Cauley, Fed ID No 10323

        /s/ William K. Geddings
        William K. Geddings, Fed ID No 12584
        HAYS CAULEY, P.C.
        1303 W. Evans St.
        Florence, SC 29501
        (843) 665-1717
        (843) 665-1718 Facsimile
        phc917@hayscauley.com
        will@hayscauley.com
        Attorneys for Plaintiffs

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

        /s/ Penny Hays Cauley
        Of Counsel

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL**

World Acceptance Corporation d/b/a World Finance Corporation
c/o C T Corporation System – Registered Agent
2 Office Park Court, Suite 103
Columbia, SC 29223